IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, INC., MINNESOTA CENTER FOR ENVIRONMENTAL ADVOCACY, NATIONAL WILDLIFE FEDERATION, and INDIGENOUS ENVIRONMENTAL NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, HILLARY CLINTON, JAMES STEINBERG, and THE UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>Defendants.<br>_____/ | No. C 09-04086 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE ON QUESTIONS CONCERNING VENUE** |

Plaintiffs have filed a motion for temporary restraining order and preliminary injunction. Docket No. 8. The motion is opposed by Defendants. Docket No. 19. For the reasons stated below, plaintiffs' motion for a temporary restraining order is DENIED and plaintiffs' motion for preliminary injunction is DEFERRED.

**BACKGROUND**

Plaintiffs filed their complaint on September 3, 2009 against the State Department, the Army Corps of Engineers, and related officials, alleging violations of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq*. The dispute centers on the State Department's issuance of a Presidential permit to Enbridge Energy, LP for the construction and operation of a system of pipelines to carry crude oil

from sources in Alberta, Canada to refineries in the United States. The construction at issue would occur in Minnesota, North Dakota, Illinois, and Wisconsin. Plaintiffs ultimately seek preliminary and permanent injunctions, as well as declaratory relief.

The current motion seeks an order temporarily restraining and preliminarily enjoining "the issuance of a presidential permit for the construction and operation" of the Alberta Clipper Project. However, the defendants' opposition papers assert that the Presidential Permit was in fact issued on August 20, 2009, pursuant to Executive Order 13337 (citing Notice of Issuance of Presidential Permit, 74 Fed. Reg. 43212 (Aug. 26, 2009). Thus, the gist of the motion will be treated as seeking an order halting implementation of the Presidential Permit at issue.

## DISCUSSION

A temporary restraining order ("TRO") may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the TRO does not issue. Fed. R. Civ. P. 65(b). This rule requires the Court to consider the likelihood that the plaintiff will prevail on the merits and the possible harm to the parties from granting or denying the injunctive relief. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984). In their motion papers, plaintiffs have made no factual showing regarding the current status of the Alberta Clipper project. No information is provided demonstrating when the construction of new pipeline sections and the upgrades to existing sections is scheduled to begin, what the construction will entail or at what pace the project will proceed. Without any showing that construction is imminent, the Court cannot determine whether any immediate and irreparable harm will occur absent immediate relief. Accordingly, the motion for a temporary restraining order is DENIED, and the issues raised by the parties will be considered more fully when the motion for a preliminary injunction is heard.

In their opposition to plaintiffs' motion, defendants challenge the appropriateness of venue in this district, and seek *sua sponte* transfer of the case "to the U.S. District Court for the District of Minnesota or another more appropriate forum." To aid the Court in making a determination as to venue, defendants are ordered to file a motion to transfer venue and supporting memorandum by **September 14, 2009.** If plaintiffs oppose the motion, their opposition papers must be filed by **September 21, 2009.**

2

Should defendants wish to file a reply, they must do so by **September 23, 2009.** Oral argument in the venue matter will be heard on **September 25, 2009 at 9:00 a.m.**

In the event the Court proceeds to consider the motion for a preliminary injunction after ruling on the question of venue, the Court will set an expedited briefing schedule regarding specific questions raised by the current motion and opposition.

Plaintiffs' motion for a temporary restraining order is DENIED, and plaintiffs' motion for a preliminary injunction is DEFERRED pending further briefing.

**IT IS SO ORDERED.**

Dated: September 9, 2009

SUSAN ILLSTON
United States District Judge